# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELVIN CORNNELL DODSON | * |
| Petitioner | * |
| v | *   Civil Action No. DKC-09-3176 |
| | * |
| COMMONWEALTH OF VIRGINIA | * |
| Respondent | * |

## MEMORANDUM OPINION

The above-captioned case was filed November 23, 2009. Petitioner, currently confined in the Deerfield Correctional Center in Capron, Virginia, styles his pro se pleading as a Motion to Vacate pursuant to 28 U.S.C. §2255 as well as a Motion pursuant to Fed. R. Civ. Proc. 60. Paper No. 1. Because he appears to be indigent, Petitioner's Motion to Proceed In Forma Pauperis shall be granted.

Petitioner challenges his August 24, 2004 conviction in the Circuit Court in Martinsville, Virginia for felony failure to appear. Paper No. 1. The Supreme Court of Viriginia sustained Petitioner's convictions on May 29, 2009. *Id*. at p. 3. Petitioner now claims the evidence was insufficient to sustain the conviction because the sheriff is not a 'judicial officer' and the Virginia court of appeals misstated the questions presented in the case. *Id*. at p. 5. He also states the appellate court affirmed the conviction under subsection B of Virigina code section 19.2-128, but he was not charged with violating that section of the code in any written document. *Id*. Lastly, Petitioner claims his Sixth Amendment right of confrontation was violated because a lab technician was not required to testify in person. *Id*. at p. 6.

A Motion to Vacate filed pursuant to 28 U.S.C. §2255 is available to a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Petitioner is in custody pursuant to the judgment of a State court. His constitutional challenges to the sentence imposed by the Virginia court are more appropriately raised in a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.[1]

To the extent Petitioner seeks review of the Virginia court's decision under Fed. R. Civ. Proc. 60(b), reliance on that rule is misplaced. A motion filed pursuant to Fed. R. Civ. Proc. 60(b) is permitted to review an alleged deficit in a federal court's judgment in a prior proceeding concerning the same subject matter. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) (Rule 60(b) motions attack some defect in the integrity of the federal proceedings). Petitioner seeks review of a state court's ruling; therefore, Rule 60 does not apply.

Notwithstanding the appropriate procedural vehicle to bring the claims raised, Petitioner's current custody in Virginia requires him to seek relief in Viriginia. *See* 28 U.S.C. §§2241(a). Accordingly, the instant case shall be transferred to the United States District Court for the Eastern District of Virginia. A separate Order follows.

Date: December 16, 2009
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] By this analysis, this court makes no judgment as to the merits of Petitioner's claims or the timeliness of his petition.