CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for PW
DEC 13 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELVIN CORNELL DODSON, | ) | Civil Action No. 7:10-cv-00019 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN, DEERFIELD CORR. CTR., | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Melvin Cornell Dodson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that the evidence was insufficient to support his conviction and he was unconstitutionally denied the right to cross-examine an adverse witness. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss because the petition was untimely filed.

I.

On August 24, 2004, a circuit judge of the Martinsville City Circuit Court convicted petitioner of failing to appear, in violation of Virginia Code § 19.2-128.1. The circuit judge sentenced petitioner to five years' incarceration with three years' suspended. Petitioner appealed to the Court of Appeals of Virginia, which affirmed his conviction. The Supreme Court of Virginia subsequently refused petitioner's petition for appeal on July 20, 2006.

On September 14, 2006, petitioner filed a petition for a writ of habeas corpus with the Martinsville City Circuit Court. Petitioner argued that his counsel was ineffective for witholding a "doctor's paper" from the trial court; the evidence was insufficient to sustain his conviction; his conviction constituted double jeopardy; and the indictment was defective. The circuit court dismissed the petition on January 24, 2007, after finding that his ineffective assistance claim did

not satisfy Strickland v. Washington, 466 U.S. 668 (1984), and the remaining claims were procedurally barred by Slayton v. Parrigan, 505 S.E.2d 680 (Va. 1974). Petitioner did not appeal to the Supreme Court of Virginia.[1]

Petitioner filed the instant federal habeas corpus petition no earlier than November 16, 2009.[2] Petitioner argues the following errors in his petition:

1) The evidence was insufficient to sustain his conviction because the Sheriff is not a judicial officer and the Court of Appeals misstated the question presented on direct appeal;
2) The Court of Appeals panel affirmed the conviction under Virginia Code § 19.2-128(B), but the violation of that subsection was not charged in any written document in the case and, thus, the only crime of which petitioner can be found guilty is misdemeanor contempt of court;
3) The Sixth Amendment requires the prosecution to give notice if it intends to use a certificate of analysis, pursuant to Melendez-Diaz v. Massachusetts, 557 U.S. ___, 129 S. Ct. 2527 (2009);
4) The circuit court erred by refusing to hear the petitioner's motion to vacate the void judgment on the merits;
5) The circuit court erred by refusing to hear the merits of petitioner's subject matter jurisdiction claim, which renders the judgment void because petitioner was not arraigned on the charge; and
6) The circuit court erred when the it failed to raise on its own motion that there was no indictment against the petitioner.

---

[1] More than ten months later on November 29, 2007, petitioner sent various documents to the Supreme Court of Virginia, including a "Petition for Appeal Writ of Quo Warranto," a letter to the Clerk of the Martinsville City Circuit Court referencing an appeal of the habeas petition, and copies of two pleadings filed in the circuit court. The Chief Deputy Clerk advised petitioner by letter that the Supreme Court of Virginia would not act on the papers received because it did not have original jurisdiction over writs of quo warranto and the time for appealing his habeas case had expired. (Resp't's Br. Supp. Mot. to Dismiss (no. 24) Encl. A.)

On May 12, 2008, petitioner filed a petition for a writ of actual innocence in the Court of Appeals of Virginia. Petitioner alleged there was a defective indictment, a double jeopardy violation, and ineffective assistance of counsel. The Court of Appeals dismissed the petition on May 30, 2008. There was no proper appeal to the Supreme Court of Virginia.

On August 4, 2008, petitioner filed in the Martinsville City Circuit Court a petition for a motion to vacate a void judgment. The circuit court dismissed the petition on August 6, 2008, for lack of jurisdiction. Petitioner appealed to the Supreme Court of Virginia, which refused the petition on May 29, 2009.

[2] Plaintiff also filed a motion to amend to change the respondent from the warden of his correctional facility to Gene M. Johnson. However, the currently named respondent is the proper party, and I deny his motion to amend. I also deny as moot petitioner's motion for leave to proceed in forma pauperis because the United States District Court for the District of Maryland already granted him leave on December 16, 2009.

2

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[3] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[4] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on October 18, 2006, when the time expired for petitioner to file a petition for a writ of certiorari to the United States Supreme Court. Petitioner's state habeas petition was pending between September 14, 2006, and February 2007, and, thus, this time period is tolled.[5]

---

[3]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[4]Petitioner did not argue timeliness under subsections (B) through (D).

[5]Only a properly filed application for post-conviction or other collateral review tolls the statute of limitations. Petitioner's various documents sent to the Supreme Court of Virginia in November 2007 do not toll the statute of limitations because the documents were not properly filed. As stated by the clerk, the Supreme Court of Virginia did not have the jurisdiction to entertain his various filings.

However, petitioner did not file his federal habeas petition until November 2009, more than eighteen months after the statute of limitations expired. Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it unless the court equitably tolls the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Petitioner does not address any basis for equitable tolling, and the court does not find any extraordinary circumstances that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, the court finds that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I deny petitioner's motion to amend; deny as moot petitioner's motion for leave to proceed in forma pauperis; grant respondent's motion to dismiss; and deny all remaining motions as moot. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a

4

Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 13th day of December, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge